UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-95-B-W |
| | ) | |
| DENNIS H. GUERRETTE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT**

Having been designated by the Bureau of Prisons to serve his incarceration at a specific facility, Dennis Guerrette belatedly asks this Court to amend its Judgment to recommend another facility. Because there is no procedural or statutory basis for a post-sentencing facility recommendation and to do so would constitute improper judicial interference in the discretionary decision of the Bureau of Prisons, this Court denies the Defendant's motion.

**I. Statement of Facts**

On September 30, 2005, Defendant Dennis Guerrette moved this Court to amend its Judgment dated July 21, 2005, to include a recommendation to the Bureau of Prisons (BOP) to incarcerate him at the Federal Prison Camp in Fort Devens, Massachusetts.[1] (Docket # 130). Consistent with this Court's recommendation, BOP designated Mr. Guerrette to a low security facility; however, this Court made no recommendation to a specific facility and the BOP designated Fort Dix, New Jersey. Mr. Guerrette would prefer to serve his time at Fort Devens, closer to his family in Maine.

**II. Discussion**

Mr. Guerrette cites no authority for the Court to do as he asks and the Court is aware of none. This motion is not grounded on Rule 33, which covers new trials. It is not a Rule 35

---

[1] The Government has taken no position on the pending motion.

motion and, if it were, it would be time barred.[2]  It is not a motion under Rule 36, which addresses clerical error.  *See United States v. Fahm,* 13 F.3d 447, 454 n.8 (1st Cir. 1994) (stating that Rule 36 "is considered generally inapplicable to judicial errors and omissions.") (emphasis omitted).  This motion exemplifies why the rules do not support such a belated motion.

The BOP derives its authority to designate the place of confinement for federal prisoners from 18 U.S.C. § 3621(b).  Specifically, § 3621(b) states that "[t]he [BOP] shall designate the place of the prisoner's imprisonment.  The [BOP] may designate *any* available penal or correctional facility that meets minimum standards of health and habitability . . . ." 18 U.S.C. § 3621(b) (emphasis supplied).  Under § 3621(b), the BOP weighs a number of statutory factors, including the resources of the facility, the nature and circumstances of the offense, and the purposes for which the sentencing court determined the sentence was warranted.  *Id.*  The First Circuit has stated that "'[d]ecisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons.'"  *United States v. Melendez,* 279 F.3d 16, 18 (1st Cir. 2002) (per curiam), *cert. denied,* 535 U.S. 1120 (2002) (quoting *Thye v. United States,* 109 F.3d 127, 130 (2d Cir. 1997)).  A sentencing court's recommendation to the BOP is both "non-binding" and "non-reviewable" and its failure to recommend is similarly "non-appealable."  *Id.*

The statute contemplates that sentencing courts may make recommendations regarding the appropriate "type of penal or correctional facility," § 3621(b)(4)(B), and occasionally, consistent with this provision, sentencing courts make recommendations regarding the type of facility or a specific facility.  *See United States v. Cintron-Fernandez,* 356 F.3d 340, 345 (1st Cir. 2004); *United States v. Serafini*, 233 F.3d 758, 777 (3d Cir. 2000) (sentencing court

---

[2] Rule 35(a) allows a sentencing court to correct a sentence that resulted from arithmetical, technical or other clear error, but the motion must be filed within seven days after sentencing.  FED. R. CRIM. P. 35(a).  Rule 35(b), which addresses substantial assistance, is inapplicable.

recommendation that defendant's imprisonment be served in the Catholic Social Services of Lackawanna County Residential Program); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (sentencing court recommendation that defendant "be sent to a facility as close to Houston as possible"). But, in doing so, their recommendations remain recommendations only. The BOP retains the statutory authority and responsibility to choose the "place of imprisonment from among 'any' available penal or correctional institution." *Goldings v. Winn*, 383 F.3d 17, 25 (1st Cir. 2004).

Even assuming a valid procedural basis for the motion, this Court declines to recommend a specific institution to the BOP. The BOP properly weighs the sentencing court's recommendations when it places the Defendant. If a Defendant wishes to serve his incarceration at a specific facility, he should make a timely request, allowing the court to consider it at sentencing. A timely request also permits the BOP to weigh the court's recommendation when it designates him. Once the BOP makes its decision, however, neither the procedural rules nor the substantive law justifies the sentencing court's countermanding the BOP's discretionary placement.[3]

### III. Conclusion

The Defendant Dennis Guerrette's Motion to Amend Judgment is DENIED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2005

---

[3] There may be alternative procedural vehicles to bring extraordinary substantive challenges to placement, but none is apparent here. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (state prison officials must ensure that inmates receive adequate clothing, shelter, and food); *Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982) (convicted criminals may not be held in unsafe conditions); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (the government has an "obligation to provide medical care for those whom it is punishing by incarceration").