UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )    CR-03-95-B-W-01 |
| DENNIS H. GUERRETTE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Unlike other similarly situated co-defendants, who are serving their sentences in federal prison camps, the Bureau of Prisons (BOP) has assigned Dennis Guerrette to a low security facility, apparently based on this Court's recommendation in the Judgment that he be designated to a "low level" facility.[1]   Mr. Guerrette moves this Court under Federal Rule of Criminal Procedure 36 to correct the Judgment to allow designation to a federal prison camp.  Concluding the Judgment inadvertently failed to accurately reflect its recommendation, this Court GRANTS Mr. Guerrette's motion.

**I.  Statement of Facts**

On June 10, 2004, Dennis Guerrette, an employee of Maine Biological Laboratories, Inc., (MBL) pleaded guilty to three violations of federal criminal law.  *Rule 11 Hearing* (Docket # 50).  Mr. Guerrette was one of a number of MBL employees who pleaded guilty to similar crimes and received similar sentences.[2]  At the close of the sentencing hearing, an attorney asked the Court to recommend to the BOP that his client served his time in a Level I facility; others

---

[1] Mr. Guerrette describes the difference between a low security and a minimum security facility: " . . . low security - - a more traditional prison with double-fenced perimeters and cubicle housing - - and minimum security camps, which have limited or no perimeter fencing and are appropriate for low risk inmates such as the Defendant." *Defendant's Motion for Reconsideration* at 4 n.2 (Docket # 134).

[2] The sentencings were not, however, identical.  Defendant Dekich was sentenced to nine month imprisonment; Defendant Donahoe was sentenced to 364 days; Defendant Rosenberger was placed only on probation; Defendants Guerrette, Swieczkowski, and Evans were each sentenced to one year and one day of imprisonment.

then joined the request.  *Sentencing Transcript* at 4-6.  During the ensuing discussion, there was demonstrable confusion as to what designation the BOP uses to refer to its lowest security facilities.  The Assistant United States Attorney said that he did not think the BOP called the lowest level – the federal prison camps – Level I facilities anymore.[3]  *Id.* at 5.  The Probation Officer was unsure.  *Id.*  One attorney referred to this level of facility as a "low-level" facility. *Id.* at 6.  Reflecting this imprecision, the Court orally recommended to the BOP that each defendant serve time in "a low-level or Level I facility."  *Id.* at 6.  When this recommendation was transferred onto the Judgment for each defendant,[4] however, the following language was used: "That the defendant be incarcerated in a low level facility as close to his place of residence as possible."  *Judgment* at 2.  Mr. Guerrette's motion represents that despite the consistency of this language among defendants, the BOP has placed Marjorie Evans, Thomas Swieczkowski, and Mark Dekich, in federal prison camps.  Mr. Guerrette's motion goes on to state that he "has been told by the BOP that he would have been placed in a minimum security facility *but for* this Court's recommendation to the BOP that he be placed in a low security facility."[5] *Defendant's Motion for Reconsideration* at 5 (Docket # 134).  The Government concurs with Defendant's motion, noting it did not object to the lowest level designation for Mr. Guerrette at the sentencing hearing and does not do so now.  *Government's Response to Defendant's Motion for Reconsideration* at 2 (Docket # 135).

---

[3] According to Mr. Guerrette, this is correct.  What was a Level 1 facility is now denominated a minimum security facility or camp.  *Defendant's Motion for Reconsideration* at 4 n.2 (Docket # 134).

[4] The sole exception was John Donahoe.  The Court recommended a specific facility – FPC Montgomery, Maxwell AFB.  *See Judgment in a Criminal Case* at 2, *United States v. Donahoe,* Case # 04-CR-46-001 (Docket # 55).

[5] This is passing strange.  The critical language in the Judgments for Mr. Sweiczkowski, Mr. Dekich, and Ms. Evans is identical to the language in Mr. Guerrette's Judgment; yet, these defendants are apparently now serving their sentences in federal prison camps.  It may be that the BOP has designated Mr. Guerrette to a higher security facility for reasons wholly unrelated to the language in the Judgment.  By this Order, this Court is clarifying its recommendation, but does so in accordance with its earlier Order and with the understanding that it is the BOP, not this Court, that Congress has charged with the authority and responsibility to designate the place of confinement for federal prisoners.  *See United States v. Guerrette,* 389 F. Supp. 2d 10, 12 (D. Me 2005); 18 U.S.C. § 3621(b).

## II. Discussion

The first question is whether Rule 36 allows this Court to act affirmatively in response to Mr. Guerrette's motion. Rule 36 provides that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Rule 36 "is considered generally inapplicable to judicial errors and omission." *United States v. Fahm,* 13 F.3d 447, 454 n.8 (1st Cir. 1994); *see also* WRIGHT, FEDERAL PRACTICE & PROCEDURE § 611 (2d ed. Supp. 1993) ("an error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]").

On the other hand, if the sentencing court's oral order at the sentencing hearing was not accurately reflected in the Judgment, Rule 36 allows correction as a clerical error. *See United States v. Kammerud,* No. 92-1768, 1993 WL 102654, at * 2 (7th Cir. Apr. 6, 1993) (unpublished opinion) ("Rule 36 offers possible relief to a defendant alleging clerical error in the form of either typographical errors, internal ambiguities, or *inconsistencies with the expressed intent of the judge*") (emphasis supplied); *United States v. Natanel,* No. 93-1364,1993 WL 372862, at * 3 (1st Cir. Sep. 24, 1993); *United States v. Niemiec,* 689 F. 2d 688 (7th Cir. 1982) (district court may amend order of commitment to reflect more clearly the judge's intent as long as the amendment does not increase sentence previously imposed); *Fitzgerald v. United States,* 296 F.2d 37 (5th Cir. 1961) (trial court may revise a commitment order where the judge recites the order was inconsistent with the court's intent at sentencing); *United States v. Peters,* 324 F. Supp. 2d 136, 142 (D. Me. 2004); *United States v. Mojabi,* 161 F. Supp. 2d 33, 37 (D. Mass. 2001).

At the sentencing hearing, the Court stated: "For each defendant, this court recommends that the Bureau of Prisons place the defendant in a low-level or Level 1 facility at a facility closest to the defendant's place of residence . . . ." *Sentencing Transcript* at 6.  However, when the Order was transcribed, the reference to "Level 1" was not placed in the Judgment.  Based on the discrepancy between the statements of the Court at the sentencing hearing and the language of the Judgment, this Court concludes the Judgment contains a clerical error.  *United States v. McAfee,* 832 F.2d 944 (5th Cir. 1987).

The more difficult question is whether the Court can do anything further.  Even though Rule 36 is not a vehicle for correcting judicial errors, *Fahm,* 13 F.3d at 454 n.8, there is authority that if the judgment fails to accurately reflect the unequivocal intent of the judge, he can use Rule 36 to clarify his intentions at the time of sentencing.  *Natanel,* 1993 WL 372862, at *3; *McAfee,* 832 F.2d at 946.  Here, although the discussion at the sentencing hearing betrays a common lack of understanding as to the BOP's designation nomenclature, the transcript confirms this Court's "unequivocal intent" to recommend to the BOP that Mr. Guerrette, as well as the other defendants, be designated to the lowest level security facility available.  Knowing the Court's intention, this Court concludes that Rule 36 offers a sufficiently flexible procedural vehicle to adjust the Judgment's language to conform to the BOP's designation nomenclature in a manner consistent with this Court's original intent.

### III.  Conclusion

This Court GRANTS the Defendant's motion for reconsideration (Docket # 134).  The Judgment is corrected to state, in pertinent part, as follows:

4

5

This Court makes the following recommendation to the Bureau of Prisons:  That the defendant be incarcerated in the lowest level security designation:   a minimum security institution or federal prison camp.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2005